# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**November 17, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Town of Pratt,**
**Respondent Below, Respondent**

**vs)   No. 16-0528** (Kanawha County 16-M-AP-2)

**Charles Lusher,**
**Petitioner Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Charles Lusher, pro se, appeals the May 13, 2016, order of the Circuit Court of Kanawha County imposing a fine and court costs for speeding in violation of West Virginia Code § 17C-6-1. Respondent Town of Pratt ("the Town"), by counsel Carrie A. Dysart, filed a summary response requesting that petitioner's appeal be dismissed as moot. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that petitioner's appeal has been rendered moot. For these reasons, a memorandum decision dismissing the appeal is appropriate under Rule 21 of the Rules of Appellate Procedure.

On December 29, 2015, petitioner was issued a citation by the Town for traveling 54 miles per hour ("mph") in a 40 mph zone in violation of West Virginia Code § 17C-6-1. Petitioner challenged the citation in the Municipal Court of the Town of Pratt, which found him guilty of speeding.

Petitioner appealed to the Circuit Court of Kanawha County, which held a trial de novo on May 12, 2016. By order entered on May 13, 2016, the circuit court convicted petitioner of a speeding violation, finding that the Town proved its case "beyond a reasonable doubt." The circuit court imposed a fine of $75 and assessed petitioner $82 in court costs for a total amount of $157, consistent with the fine and costs ordered by the municipal court.

Petitioner now appeals the circuit court's May 13, 2016, order. "Moot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a court." Syl. Pt. 4, *Cline v. Mirandy*, 234 W.Va. 427, 765 S.E.2d 583 (2014) (internal quotations and citations omitted).

On appeal, petitioner contends that he was prosecuted and sentenced in an unconstitutional

1

manner. Though the Town denies that petitioner was unconstitutionally prosecuted and sentenced, it has agreed to both rescind petitioner's speeding citation and refund the fine and the court costs in the total amount of $157. Therefore, the Town argues that petitioner's appeal should be dismissed as moot.

Petitioner contends that, in addition to a refund of $157, he is also entitled to (1) consequential damages for incidental expenses such as traveling to and from his court appearances; and (2) damages for the pain and suffering that the Town has inflicted upon him. However, this is not a civil action in which petitioner has sued the Town for alleged constitutional violations.[1] Rather, this case comprises the Town's prosecution of petitioner for a traffic infraction. The Town has agreed to both rescind petitioner's speeding citation and refund the fine and the court costs. We find that, if petitioner wants monetary damages from the Town, he must file a civil action. We dismiss petitioner's appeal as moot because the Town has undertaken to grant him all the relief available to him in this proceeding.[2]

Dismissed as Moot.

**ISSUED:** November 17, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

---

[1] *See* Syl. Pt. 2, *Hutchison v. City of Huntington*, 198 W.Va. 139, 479 S.E.2d 649 (1996) (holding that "[u]nless barred by one of the recognized statutory, constitutional[,] or common law immunities, a private cause of action exists where a municipality or local governmental unit causes injury by denying that person rights that are protected by the Due Process Clause embodied within Article 3, § 10 of the West Virginia Constitution").

[2] With his reply, petitioner filed a motion for the disqualification of the Justices of this Court. We deny the motion for petitioner's failure to comply with Rule 33(d) of the West Virginia Rules of Appellate Procedure, which requires that a motion for disqualification be accompanied by a certificate verifying that the motion "is well grounded in fact and is warranted by existing law or good faith argument for the extension, modification, or reversal of existing law" and "not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."